IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RICHARD VIEUX, | ) |
| Petitioner, | ) |
| v. | ) Case No. 2:11-cv-02209-KOB-PWG |
| JOHN RATHMAN, Warden, et al., | ) |
| Respondents. | ) |

## **MEMORANDUM OPINION AND ORDER**

The magistrate judge filed a report and recommendation on December 3, 2013, recommending that the court DISMISS the petition for writ of habeas corpus invoking 28 U.S.C. § 2241 WITH PREJUDICE as successive and time-barred under 28 U.S.C. § 2255. On December 16, 2013, the petitioner, Richard Vieux, filed a pleading styled "Traverse to Magistrate Judge's Report & Recommendation ('Report')." (Doc. 18). Additionally, on January 8, 2014, Vieux submitted a pleading styled as a "Notice of Authority." (Doc. 19). The court will treat these filings as objections to the magistrate judge's report and recommendation or, in the alternative, as motions.

As to Vieux's objections, he generally "disputes the Report as a whole." (Doc. 18 at 2). In more specific terms, Vieux objects on the following grounds: (1) that equitable tolling should apply to his petition; (2) that his § 2255 remedy is ineffective or unavailable, thus allowing him to invoke the savings clause; (3) that his substantive claims based on the interpretation of 18 U.S.C.§ 2119 (the federal "Carjacking Statute") annunciated in *Holloway v. United States*, 526 U.S. 1 (1999), and *Jones v. United States*, 526 U.S. 227 (1999), are meritorious; (4) that his claims are neither time-barred nor successive; and (5) that all of the other claims presented in the petition are cognizable.

(Id. at 1-14).[1]

Vieux first contends that his claims are saved by equitable tolling. (Doc. 18 at 1-2). As Vieux notes, "the statute of limitations may be equitably tolled where a movant shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Lopez v. United States*, 512 F. App'x. 1001, 1003 (11th Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. ---, ----, 130 S. Ct. 2549, 2562 (2010)). To satisfy these requirements, a petitioner must demonstrate "reasonable diligence" and "an extraordinary circumstance . . . that is both beyond the movant's control and unavoidable even with diligence." *Id.*

Although not explicitly stated, Vieux presumably invokes equitable tolling in relation to the sentencing court's denial of his numerous motions to amend his first § 2255 motion in 1999. As stated in the report and recommendation, Vieux attempted to amend his first § 2255 motion a total of four times. (*See* Doc. 17 at 3). The sentencing court denied the first three motions to amend as procedurally deficient, and struck the fourth amended petition from the record. (*Id.* at 3, 8). The filing of deficient motions to amend is neither "beyond the movant's control" nor "unavoidable even with diligence." *Lopez*, 512 F. App'x. at 1003; *see Cuello v. United States.,* No. 11-2216, 2013 WL 1338839 at *8 (E.D.N.Y. Mar. 29, 2013) (*pro se* litigant's ignorance of procedural requirements and statute of limitations did not constitute "extraordinary circumstance" required to invoke equitable tolling). Vieux's failure to present the sentencing court with a proper motion to amend in 1999

---

[1] The objections also include a request that the court delay a final ruling on the instant petition until the Eleventh Circuit issues an opinion in *Bryant v. Warden,* No. 12-11212, 2013 WL 6768086 at *1 (11th Cir. Dec. 24, 2013). (Doc. 18 at 8). This case also is the subject of Vieux's Notice of Authority (doc. 19) that the court will address separately below.

cannot justify equitably tolling—for twelve years—the limitations period applicable to the instant motion. Accordingly, Vieux's objections based on equitable tolling are due to be OVERRULED.

Vieux's remaining objections in the Traverse (doc. 18) are reiterations of arguments already considered and correctly rejected by the magistrate judge. Vieux presents nothing warranting a departure from the report and recommendation. Accordingly, Vieux's remaining objections are due to be OVERRULED.

Next, Vieux's Notice of Authority argues that the Eleventh Circuit's recently-issued opinion in *Bryant v. Warden*, No. 12-11212, 2013 WL 6768086, at *1, supports his petition. (Doc. # 19). In *Bryant,* the Eleventh Circuit considered whether a petitioner, whose previous motion to vacate had been denied, could file a subsequent writ of habeas corpus under § 2241 pursuant to the § 2255(e) savings clause. Id. at *1. The sentencing court in *Bryant* construed the petitioner's previous conviction for possession of a concealed firearm as a "violent felony," and enhanced the petitioner's sentence accordingly, consistent with the then-controlling precedent annunciated in *United States v. Hall*, 77 F.3d 398, 401-02 (11th Cir. 1996). *See Bryant*, 2013 WL 6768086 at *1. After the court sentenced the petitioner, the Supreme Court's decision in *Begay v. United States*, 553 U.S. 137 (2008), set forth a new standard for evaluating which crimes constitute violent felonies; under the Eleventh Circuit's interpretation of this new standard, possession of a concealed firearm no longer constituted a violent felony, overturning *Hall*. *See Bryant*, 2013 WL 6768086 at *1, *20. In *Bryant,* the Eleventh Circuit explicitly held that *Begay* applied retroactively to cases on collateral review. *Id.* at *22-23. In part because of this holding, the Eleventh Circuit held that the petitioner's sentence exceeded the statutory maximum, and that he could avail himself of the § 2255(e) savings clause. *Id.* at *36.

3

The Eleventh Circuit's decision in *Bryant* has no bearing on Vieux's carjacking case. As explained in the report and recommendation, Vieux was charged with carjacking under 18 U.S.C. § 2119. The first subsection of the carjacking statute describes the basic offense, and subsequent subsections establish higher penalties where the offense results in injury or death. *See id.* at § 2119 (2)-(3). When Vieux was convicted and sentenced, the Eleventh Circuit construed the subsections of the Carjacking Statute not as elements of independent offenses to be proved to a jury, but as sentencing factors for the judge to consider. *See United States v. Williams,* 51 F.3d 1004, 1009-1010 (11th Cir. 1995). After Vieux's conviction and sentencing, the Supreme Court, in *Jones*, 526 U.S. 227 (1999), abrogated *Williams*, and held that the subsections of the Carjacking Statute establishing higher sentences were indeed separate offenses that had to be proved to a jury. Earlier that same month, the Supreme Court issued *Holloway*, 526 U.S. 1 (1999), in which it held that the Carjacking Statute's intent requirement was satisfied where, at the moment a defendant demanded or took control a vehicle, he possessed the conditional intent to injure or kill the victim if necessary to steal the car.

Vieux argues that *Bryant* dictates that he can utilize the § 2255(e) savings clause to challenge his conviction under *Jones* and *Holloway*. However, as explained in the report and recommendation, neither *Jones* nor *Holloway* are retroactively applicable to cases on collateral review. (Doc. 17 at 9-12). For this and other reasons, *Bryant* has no bearing on the instant case. As such, to the extent that Vieux objects to the report and recommendation on the basis of *Bryant*, those objections are due to be OVERRULED.

Finally, pursuant to 28 U.S.C. § 2253, Vieux must make a substantial showing of the denial of a constitutional right to obtain a certificate of appealability. This petition is due to be dismissed

as successive and untimely, and for failure to qualify for relief under the savings clause of § 2255(e). As such, Vieux has not and cannot make the substantial showing of the denial of a constitutional right necessary to obtain a certificate of appealability, and any such request is hereby DENIED. The court ADVISES Vieux that he may request a certificate of appealability directly from the Court of Appeals for the Eleventh Circuit.

The court has carefully reviewed and considered *de novo* all the materials in the court file, including the magistrate judge's report and recommendation and what the court has construed as the petitioner's objections (docs. 18 & 19). The court ADOPTS the magistrate judge's report and ACCEPTS his recommendation that the court dismiss the petition for writ of habeas corpus as untimely and successive.

To the extent that the petitioner's filings of December 16, 2013 (doc. 18), and January 8, 2014 (doc. 19), are construed as interposing objections to the report and recommendation, such objections are due to be and hereby are OVERRULED. To the extent that the petitioner's filings (Docs. 18 & 19) are construed as motions, they are due to be and hereby are DENIED. Accordingly, this court finds that the petition for writ of habeas corpus is due to be DISMISSED WITH PREJUDICE as time-barred and successive.

The court will enter a Final Order dismissing the petition.

DONE and ORDERED this 24th day of January, 2014.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE